UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| DAVID B. TURNER JR., | Case No. 15-cv-02263-BAS(JLB) |
|---|---|
| Plaintiff, | **ORDER DISMISSING ACTION WITHOUT PREJUDICE** |
| v. | |
| AT&T, | |
| Defendant. | |

Plaintiff David Turner is proceeding *pro se* and *in forma pauperis* against Defendant AT&T. Upon review of Plaintiff's Complaint, the Court concludes it lacks subject matter jurisdiction over this action. Therefore, for the following reasons, the Court **DISMISSES WITHOUT PREJUDICE** this action.

I. **LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree." *Id.* (citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted); *see also Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

Although there has not been a request for dismissal, it is well-established that "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." *See United Inv'rs Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004). Courts may consider the issue *sua sponte*. *Demery v. Kupperman*, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984). Indeed, the Supreme Court has emphasized that "district courts have an 'independent obligation to address subject-matter jurisdiction *sua sponte*.'" *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 593 (2004) (quoting *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)).

## II. ANALYSIS

### A. Diversity Jurisdiction

The first possibility for subject matter jurisdiction is based upon diversity of citizenship. Under 28 U.S.C. § 1332, the court has original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -- (1) citizens of different States . . . ." Thus, "[s]ubject matter jurisdiction based upon diversity of citizenship requires that no defendant have the same citizenship as any plaintiff." *Tosco Corp. v. Comtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (per curiam), *abrogated on other grounds by Hertz Corp v. Friend*, 559 U.S. 77 (2010).

Whether the amount in controversy exceeds the $75,000 minimum for diversity jurisdiction is determined from the allegations or prayer of the complaint. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). A general allegation that the damages exceed $75,000 is usually sufficient to satisfy this requirement. *E.g.*, *K. Durant Enters., LLC v. Swanson Travel Prof'ls, Inc.*, No. 13-01534 MMM (AJWx), 2014 WL 545843, at *2 (S.D. Cal. Feb. 10, 2014) (citing *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010)). However, an action is subject to dismissal if "it is clear to a legal certainty" that the claim could not sustain a judgment over the minimum amount in controversy.

*See Christensen v. Nw. Airlines, Inc.*, 633 F.2d 529, 531 (9th Cir. 1980) ("It is clear to a legal certainty that appellant's unliquidated tort claim could not sustain a judgment of over [the minimum amount in controversy] . . . . A federal court should not and cannot adjudicate such minor claims."); *see also Diefenthal v. C.A.B.*, 681 F.2d 1039, 1052 (5th Cir. 1982). In other words, although a plaintiff may subjectively believe in good faith that the claim exceeds the minimum amount in controversy, the claim should nevertheless be dismissed if it lacks "objective good faith"—*i.e.*, "if one familiar with the applicable law could not reasonably have concluded that the claim was worth the jurisdictional amount." *Esquilin-Mendoza v. Don King Prods., Inc.*, 638 F.3d 1, 4 (1st Cir. 2011).

Here, the Court lacks diversity jurisdiction over Plaintiff's action. Plaintiff's Complaint is titled "Breach of Contract [&] Unfair Business Practices." (Compl., ECF No. 1.) Although the pleading is unclear, the Court construes Plaintiff's Complaint as seeking damages against AT&T for breach of a monthly cell phone contract. (*See id.*) Plaintiff states he has a "$45 plan with unlimited phone, text, and high speed internet that has been slod [sic] for conflicts of interests." (*Id.*) He alleges he has "missed important phone and internet contacts because of [problems caused by AT&T]." (*See id.*) Plaintiff "demands monetary compensation for the amount of $77,000,000.00." (*Id.*)

In assessing diversity jurisdiction, the Court assumes Plaintiff states a claim for breach of contract against AT&T under California state law. Plaintiff does not allege the parties' citizenship. (*See* Compl.) Yet, even if Plaintiff were to allege complete diversity of citizenship, the Court finds his claim does not satisfy the amount in controversy requirement. "[I]t is clear to a legal certainty" that Plaintiff's breach of contract claim arising out of a $45 monthly cell phone contract with AT&T could not sustain a judgment over the required $75,000 amount in controversy. *See Christensen*, 633 F.2d at 531. Therefore, this Court "should not and cannot adjudicate such [a] minor claim[ ]." *See id.*; *see also St. Paul Mercury Indem. Co.*, 303 U.S. at

289; *Esquilin-Mendoza*, 638 F.3d at 4. Accordingly, assuming Plaintiff states a claim under state law, the Court lacks diversity jurisdiction over Plaintiff's Complaint because the amount in controversy requirement is not satisfied. *See* 28 U.S.C. § 1332.

"Absent diversity of citizenship, federal-question jurisdiction is required." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The Court therefore turns to whether Plaintiff has established federal question jurisdiction.

### B.      Federal Question Jurisdiction

Alternatively, federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 392.

Here, Plaintiff's Complaint does not invoke federal question jurisdiction. Plaintiff does not identify or seek relief under a specified federal statute. However, as Plaintiff is proceeding *pro se*, the Court will construe Plaintiff's claims as arising under 42 U.S.C. § 1983. "Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

Plaintiff alleges his "4th, 6th, 8th, 14th and 1st amendment . . . rights" were violated by Defendant. (*See* Compl.) However, Plaintiff does not allege that

Defendant or its employees were acting under color of state law. Accordingly, the Court finds Plaintiff has failed to make a non-frivolous assertion of a federal claim sufficient to establish federal question jurisdiction.[1] *See Bollard v. Cal. Province of the Soc'y of Jesus*, 196 F.3d 940, 951 (9th Cir. 1999) ("Any non-frivolous assertion of a federal claim suffices to establish federal question jurisdiction."). Thus, the Court lacks subject matter jurisdiction because there is no federal question presented in this action. *See* 28 U.S.C. § 1331.

### III. CONCLUSION

In sum, Plaintiff fails to establish diversity jurisdiction as required by 28 U.S.C. § 1332. He also does not assert a claim that presents a federal question as required by 28 U.S.C. § 1331. Consequently, the Court lacks subject matter jurisdiction over this action, and the Court **DISMISSES WITHOUT PREJUDICE** this action in its entirety. If Plaintiff can correct the deficiencies in his Complaint, he may file an amended complaint no later than **December 22, 2016**. *See* 28 U.S.C. § 1653.

**IT IS SO ORDERED.**

DATED:  October 25, 2016

Hon. Cynthia Bashant
United States District Judge

---

[1] Plaintiff is proceeding *in forma pauperis*. Thus, in addition to assessing subject matter jurisdiction, the Court has an obligation to dismiss this case at any time if the Court determines that the action "fails to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (holding that the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners). Even if Plaintiff's Complaint establishes federal question jurisdiction, the Court finds it appropriate to dismiss any federal claim—whether arising under 42 U.S.C. § 1983 or otherwise—for failure to state a claim.